# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF TENNESSEE
## COLUMBIA DIVISION

| | | |
|---|---|---|
| **RANDALL TURNER,** | ) | |
| **No. 133233,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **No. 1:16-cv-00036** |
| | ) | **Chief Judge Sharp** |
| **v.** | ) | |
| | ) | |
| **DERRICK SCHOFIELD,** *et al.*, | ) | |
| | ) | |
| **Defendants.** | ) | |

## M E M O R A N D U M

Randall Turner, an inmate of the South Central Correctional Complex in Clifton, Tennessee, has filed a *pro se, in forma pauperis* action challenging the conditions of his confinement, among other claims. (Docket No. 1).

The plaintiff falls within the scope of 28 U.S.C. § 1915(g), which bars prisoners from bringing a civil action or appealing a judgment in a civil action *in forma pauperis* if the prisoner has, on three (3) or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

Because he has had at least three lawsuits previously dismissed as frivolous,[1] plaintiff Turner may not proceed *in forma pauperis* and instead must pay the full filing fee in advance in order to

---

[1] *See, e.g.,, Turner v. Schofield*, No. 1:15-cv-00132 (E.D. Tenn. 2015)(dismissed for failure to state a claim); *Turner v. Kinsey*, No. 1:02-cv-25 (E.D. Tenn 2002)(dismissed as frivolous and for failure to state a claim); *Turner v. Erlanger Hospital*, No. 1:02-cv-24 (E.D. Tenn. 2002)(dismissed for failure to state a claim); *Turner v. Cupp,* 1:99-cv-157 (E.D. Tenn. 1999)(dismissed as frivolous and for failure to state a claim).

pursue his lawsuit, <u>unless</u> he is under imminent danger of serious physical injury. *Wilson v. Yaklich*, 148 F.3d 596, 603-04 (6th Cir. 1998).

In his motion for injunctive relief, Turner alleges that inmate gangs are controlling large portions of the prison activity at South Central Correctional Facility. He describes how these gang members dictate the lives of other non-gang member inmates, including charging fees for entering public inmate areas, charging fees for the use of prison telephones, and charging a "twenty five dollar fee if they [non-gang member inmates] get in the way." (Docket No. 1 at p. 7). He alleges that there are not enough security guards and/or corrections officers to maintain the safety and security of all inmates. He further alleges that non-gang members are being housed with gang members, a practice that the defendants know poses a risk of harm to the non-gang member inmates.

The plaintiff, who is not a member of a gang, alleges that he is in imminent danger because, on May 1, 2016, the plaintiff was threatened by members of the Vice Lord gang. (Docket No. 1 at p. 11). Specifically, Vice Lord "head leader" f/n/u Adams in Room 215 of the Gemini-B pod told the plaintiff to move out of Gemini-B pod or "'the butcher' was going to get" him. (*Id.*) The plaintiff believes the authenticity of this threat because other inmates at the same facility were assaulted within the past few months by inmate gang members, and inmate Jeffrey Sills was murdered in 2014.[2] (*Id.*)

The plaintiff alleges that he reported this threat to Captain f/n/u Kitty and stated that he wanted to move pods to avoid harm. However, Captain Kitty left the pod and never returned. (*Id.*)

---

[2]In a press release provided by the plaintiff, Alex Friedman, associate director of the Human Rights Defense Center, stated: "Several prisoners said Bess had publicly stated that he would kill Jeffrey Sills if they were placed in a cell together, and that CCA guards were present when he made that statement. Regardless, they were both put in the same cell with predicable results . . . . [T]he CCA employee who contacted us reported that Sills had asked to be placed in protective custody, but prison staff failed to act on his request before he was murdered." (Docket No. 1, Attach. 2 at p. 1).

The plaintiff also alleges that he communicated the Vice Lord threat and fear for his life to Unit Manager f/n/u Casteel and "Sir" Harville but no action has been taken to protect the plaintiff from "the butcher." (*Id.* at p. 12). Instead, the plaintiff has been punished for refusing to leave his cell; he states that he refuses to leave his cell because he is afraid he will be physically harmed by a Vice Lord gang member. (*Id.* at pp. 12-13).

For the purposes of § 1915(g), the court considers whether a plaintiff is in imminent danger at the time of the filing of the complaint. *Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) ("[T]he plain language of § 1915(g) requires the imminent danger to be contemporaneous with the complaint's filing."). Although the United States Court of Appeals for the Sixth Circuit has not offered a precise definition of imminent danger, it has suggested that the threat of serious physical injury "must be real and proximate." *Rittner v. Kinder*, 290 F. App'x 796, 797 (6th Cir. 2008). Moreover, the Sixth Circuit has noted that "[t]he imminent danger exception is essentially a pleading requirement subject to the ordinary principles of notice pleading." *Vandiver*, 416 F. App'x at 562.

As a *pro se* plaintiff, Turner is entitled to have his complaint liberally construed. *Vandiver*, 416 F. App'x at 562. Moreover, at this stage in the proceedings, the court must accept as true the factual allegations in the complaint, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). The court cannot decline pauper status simply because it finds the factual allegations of imminent danger to be improbable or unlikely. *Id.*

With these principles in mind, the court finds that the complaint alleges a presently existing, continuing imminent danger to the plaintiff's well-being. The plaintiff alleges that an identified member of the Vice Lord prison gang threatened the plaintiff's life on May 1, 2016, and that inmate gang members in fact harmed three other named inmates on specific dates within the past five

months.  The plaintiff further alleges, as an ongoing matter, that the Unit Manager and two corrections officers are unwilling to protect the plaintiff from this threatened harm.  The plaintiff's allegations are not necessarily delusional or irrational, and the court must, for now, accept them as true. The court therefore finds that the plaintiff has alleged imminent danger of serious physical injury.  In addition, the plaintiff specifically requests prospective injunctive relief to prevent the alleged death threat from coming to fruition.  Accordingly, the court will grant the plaintiff permission to proceed *in forma pauperis*.

Having determined that the plaintiff may proceed as a pauper, the plaintiff's complaint is before the court for an initial review pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).  Under 28 U.S.C. § 1915(e)(2)(B), the court must dismiss any portion of a civil complaint filed *in forma pauperis* that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief.  Section 1915A similarly requires initial review of any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," *id.* § 1915A(a), and summary dismissal of the complaint on the same grounds as those articulated in § 1915(e)(2)(B). *Id.* § 1915A(b).

It appears that Turner seeks relief pursuant to 42 U.S.C. § 1983.  To state a claim under § 1983, the plaintiff must allege and show:  (1) that he was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998).  Both parts of this two-part test

must be satisfied to support a claim under § 1983.  *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

After reviewing the complaint, the court finds that the plaintiff has stated viable claims under 42 U.S.C. § 1983 against all named defendants for purposes of the initial screening required by 28 U.S.C. § 1915A.  The plaintiff's allegations that the defendants, who were well aware of the threat of danger to plaintiff, have failed to protect him from imminent physical harm at the hands of other gang member inmates states an actionable claim under the Eighth Amendment of the United States Constitution.  *See Farmer v. Brennan*, 511 U.S. 825, 833 (1994); *Wilson v. Yaklich*, 148 F.3d 596, 600 (6th Cir. 1998)(prison officials have a duty to protect prisoners from violence suffered at the hands of other prisoners).  Likewise, the complaint alleges that South Central Correctional Facility is "not constitutionally suited" to provide housing for state prisoners because staffing, equipment, and/or facilities are wholly inadequate to meet the needs of the inmate population, including the plaintiff.  (Docket No. 1 at p. 1).

Although it is unclear at this early stage of litigation whether the plaintiff ultimately can prevail on these Eighth Amendment claims, the court finds that the plaintiff's allegations are not frivolous or malicious, and that the defendants alleged to be involved must respond to the plaintiff's complaint.

In conclusion, the court finds that the plaintiff has alleged imminent danger of serious physical injury and therefore permits the plaintiff to proceed *in forma pauperis* in this action. Further, having conducted the review required by the PLRA, the court determines that the plaintiff's Eighth Amendment claims survive the screening and may proceed for further development.

An appropriate order will enter.

_____
Kevin H. Sharp
Chief United States District Judge